Receipt # 061408

ORIGINAL

FILED

SEP 1 6 2004

U.S. COURT OF
FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

REID & TERESA BROWN,      )
                         )
      Plaintiffs,        )
                         )     No. 04-1473L
      v.             )     No. _____
                         )
THE UNITED STATES OF AMERICA,  )
                         )
      Defendant.       )

## COMPLAINT

### THE PARTIES

1.    Plaintiffs Reid and Teresa Brown are husband and wife, and they own property in the town of Sammamish, in King County, Washington. The Browns claim an interest in real property which has been taken by the United States.

### JURISDICTION

2.    This Court has jurisdiction in this action pursuant to 28 U.S.C., §1491(a)(1), in that this action presents a claim against the United States which is founded upon the Fifth Amendment to the Constitution of the United States.

STATUTES FOR PAYMENT

3.    Damages: Tucker Act, 28 U.S.C., §1491(a)(1) (2004).

4.    Reimbursement of fees and expenses incurred: Uniform Relocation Assistance and

      Real Property Acquisition Policies Act, 42 U.S.C. § 4654(c) (2004).

FACTS

5.    The Browns own property on Lake Sammamish in Sammamish, Washington.  The

      property is located in Section 7, Township 24 North, Range 6 East, in King

      County.  The Browns bought the Sammamish property in 1981.

6.    At the time the Browns purchased the property, it was burdened by a right of way

      easement for railroad purposes.

7.    The railroad right of way was originally acquired by the railroad company on this

      property in the 1880's by means of prescriptive easement.

8.    This railroad right of way eventually became the subject of a petition for

      exemption from abandonment to the Surface Transportation Board ("STB") by the

      operating railroad company.

9.    On September 18, 1998, the STB served a "Decision and Notice of Interim Trail

      Use or Abandonment" ("NITU"), which set the stage for the conversion of the

      former railroad right of way into recreational trail use pursuant to the National

Trail System Act, 16 U.S.C. § 1427(d).

10.     The United States has neither instituted any condemnation proceeding against the Browns nor has it offered to pay the Browns for the property it has taken.

## CLAIM FOR RELIEF

11.     Plaintiffs incorporate by reference paragraphs 1-10 of this complaint.

12.     The STB's NITU, issued pursuant to 16 U.S.C. § 1427(d), has resulted in the imposition of a recreational trail on the Plaintiffs' property.

13.     This conversion of the former railroad right of way into recreational trail use has deprived the Plaintiffs of their right to the use, possession, control, and enjoyment of their land that they otherwise would have had but for the NITU.

14.     As such, this federal action has resulted in a taking of the Plaintiffs' property for which they are entitled to just compensation under the Fifth Amendment to the United States Constitution.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs request a judgment in favor of the Plaintiffs for the following:

1.     Damages in an amount to be awarded by the Court for the taking of the Plaintiffs' property,

2.     Interest to be assessed on the award of damages, compounded from the date of

taking until the judgment is paid,

3.   Reimbursement of all reasonable costs, disbursements, and expenses, including

reasonable attorney, appraisal, and engineering fees, and

4.   Such further relief as may be appropriate.

Respectfully submitted this 16th day of September, 2004.

ACKERSON KAUFFMAN FEX, PC

Cecilia Fex
1666 K Street, NW, Suite 1010
Washington, DC 200006
Office:       202-833-8833
Facsimile:   202-833-8831

Attorney of Record for the Plaintiffs



# In the United States Court of Federal Claims

No.04-1473 L



FILED

SEP 1 6 2004

U.S. COURT OF
FEDERAL CLAIMS

**REID & TERESA BROWN**

v.

**UNITED STATES OF AMERICA**

NOTICE OF ASSIGNMENT TO:

**Judge Charles F. Lettow**

Pursuant to Rule 40.1, this case has been assigned to the above Judge for the conduct of proceedings pursuant to the rules of this court. Careful consideration and observance by counsel of the rules of the court and the orders of the judge applicable to the various steps required for the prosecution of the case will enable the judge and the clerk of court to assist counsel in the expeditious disposition of the case with a minimum of time and expense. Counsels' attention is called to Appendix A of the Rules of the United States Court of Federal Claims, which govern proceedings before trial, and has application in every case unless an order is entered providing otherwise. As to the duplication, form and size requirements and number of copies of papers to be filed, see Rule 5.3. As to service, see Rule 5.1.

Also, counsels' attention is called to Appendix H that implements three methods of Alternative Dispute Resolution: Settlement Judges, Mini-Trials, and Third-Party Neutrals. The methods are both voluntary (i.e. both parties must agree to use the procedures) and flexible, and should be employed early in the litigation process.

The United States is requested to promptly file written notification of the name, address and telephone number of assigned counsel in accordance with Rule 83.1(c)(3) and (5).

Pursuant to Rule 5.3(g): "In pleadings and papers other than the complaint, the name of the judge assigned to the case shall be included under the docket number."

*Brian Bishop*
Brian Bishop, Clerk